## Fitchburg Railroad Company *vs.* Grand Junction Railroad and Depot Company.

It is no defence to an action by the Fitchburg Railroad Company against the Grand Junction Railroad and Depot Company, under *St.* 1856, *c.* 296, § 4, to recover a just and fair proportion of the cost incurred in doing the work which that statute and *St.* 1857, *c.* 128, authorize and require the former company to do, that the work was done without the voluntary concurrence of the defendants; that the plaintiffs did not apply to the county commissioners of the county of Middlesex for their consent to the changes in the grade and construction of the Fitchburg Railroad and the Boston and Lowell Railroad, but such consent was given without any formal application therefor; that the plaintiffs petitioned for and promoted the passage of the statute; that the commissioner appointed under the statute, in supervising the work and apportioning the cost, conducted himself with partiality towards the plaintiffs and under their undue influence; or that his awards, apportioning the cost, did not expressly find that the sums apportioned were deemed equitable, or that any land was taken or location filed under *St.* 1857, *c.* 128, § 2, or that the defendants required the connection therein authorized to be made. And evidence is incompetent, in defence, to show that the value of the defendants' property and franchise was diminished and that of the plaintiffs' property and franchise was increased by the changes made.

The legislature have power to determine in what manner a railroad company, whose charter was made subject to the duties, liabilities and restrictions of Rev. Sts. *c.* 44, shall exercise its franchise, and to make changes in the level, grade and connections thereof and to direct the construction of a new connecting track, if this is necessary in order to preserve the continuity of the road; and to provide in what manner and under whose supervision the work shall be done, and how paid for.

Commencing a bill in equity for an injunction to restrain the proceedings of the commissioner appointed under *St.* 1856, *c.* 296, before they were completed, does not entitle the Grand Junction Railroad and Depot Company to inquire into the validity of his appointment, in an action brought against them by the Fitchburg Railroad Company under that statute to recover a just and fair proportion of the cost incurred in doing the work authorized and required by that statute to be done.

AFTER the decision of the questions formerly arising in this case, (1 Allen, 552,) a new trial was had in this court, before *Chapman*, J., at which the plaintiffs offered evidence tending to show that they had performed the work and incurred the expenses contemplated by *Sts.* 1856, *c.* 296, and 1857, *c.* 128, and had done everything required by the former statute to entitle

them to maintain this action, to recover the proportion of the cost thereof which was authorized by those statutes. Among other evidence, they introduced the record of the doings of the county commissioners for the county of Middlesex respecting the matter, which showed that the plaintiffs applied to them for their consent to changes in various highways, town ways and passage ways, and that the commissioners consented to the various changes asked for, and also to certain other changes in the grade and construction of the Fitchburg Railroad and the Boston and Lowell Railroad, which were not asked for.

They also introduced two awards of the commissioner, Mr. Carey, in the first of which, dated September 7th 1857, he reported that he had supervised the work authorized and required to be done by *St.* 1856, *c.* 296; that the same had been properly performed by the Fitchburg Railroad Company; that on the 30th of July 1857 he notified the various parties interested in the apportionment of the cost incurred by the Fitchburg Railroad Company in the performance of the work, of a hearing before him " on the 5th day of August current" at a place named; that the Grand Junction Railroad and Depot Company and the Boston and Lowell Railroad Company failed to appear; that the Fitchburg Railroad Company did appear with their vouchers; and that after careful consideration he found that the whole cost of the work which by said statute was to be apportioned was $25,808.50, of which sum he apportioned to the Grand Junction Railroad and Depot Company $8018.39.

In the second award, which was also dated September 7th 1857, Mr. Carey reported that he had supervised the construction of the connecting track authorized and required to be constructed by *St.* 1857, *c.* 128; that the work has been properly done in conformity with the provision of said act; that he gave notice and subsequent proceedings were had as stated in the former award; and that after careful consideration he found that the whole cost of the work was $6814.22, of which sum he apportioned to the Grand Junction Railroad and Depot Company $3407.11.

The defendants proved that they never assented to any of the

proceedings of the plaintiffs, or of the commissioner, or of the county commissioners, but protested against the same; and they offered in evidence the record of a suit in equity, instituted by them in 1856, at an early stage of the work, praying for an injunction to restrain the commissioner and the plaintiffs from further acts under the statute, until a commissioner should be duly appointed by the governor to supervise the work. A temporary injunction was granted in this suit, and afterwards dissolved.

The defendants also offered to prove that the necessary effect of the changes made was to diminish the value of their property and franchise, by diminishing the amount of their business, and increasing the expense of doing it, and in other ways; that the plaintiffs received corresponding benefits; that the plaintiffs petitioned for and promoted the passage of the statute; and that the commissioner was not disinterested, and had, in supervising the work and apportioning the cost, conducted himself with partiality towards the plaintiffs, and under their undue influence. This evidence was rejected.

The defendants also contended that their assent to the changes authorized in their road was necessary, under the statutes; and that, if otherwise, the legislature had no constitutional power to make the statutes binding upon them without their consent.

The judge instructed the jury that the statutes were within the constitutional authority of the legislature, and were binding on the defendants without their consent; that the commissioner was a public officer, and not a servant of the plaintiffs; that it was necessary for the plaintiffs to prove, as to each of their claims, that they had done the work required of them by the respective statutes, under the superintendence of the commissioner, and in obedience to his directions or with his sanction; that they had procured such an estimate and award as the statutes required, and given the defendants notice thereof and demanded payment; that the awards were only evidence for the purpose of showing that the plaintiffs had performed an act which was made by the statutes an essential preliminary step, without which the action would not lie; that the plaintiffs must

JANUARY TERM 1862. 201

Fitchburg Railroad Company v. Grand Junction Railroad and Depot Company.

prove the performance of the work, its cost, and the proportion which the defendants were liable to pay, by other evidence, and that the opinion of the commissioner ought not to affect them in reference to these matters; that the cost of the work was the amount expended by the plaintiffs in performing it to the acceptance of the commissioner, and, after finding this amount, they should then find what was a fair and just proportion for the defendants to pay; that this proportion would be the amount which was expended in performing the work in its application to their road; that the statute treats the work as a burden proper to be imposed on each corporation, without regard to the length or grades of its road, or amount of its business; and that, in this action, no inquiry could be made into these subjects, or the effect of the changes upon the grades, business or profits of either road.

The jury returned a verdict for the plaintiffs, with $10,244.41 damages, and the defendants alleged exceptions.

*G. S. Hale,* for the defendants.   1. The defendants did everything which of their own motion they could do to stay Mr. Carey's proceedings.   *Boston & Lowell Railroad* v. *Salem & Lowell Railroad,* 2 Gray, 1.   *Tappen* v. *Gray,* 3 Edw. Ch. 450.   The attorney general, alone, could file a *quo warranto.   Commonwealth* v. *Fowler,* 10 Mass. 290.   And the mischief would have been done.   2. The awards were incomplete and invalid.   They did not find that the sums apportioned were deemed " equitable."   The notice was insufficient.   The second award contains no finding as to taking land or filing the location, authorized by *St.* 1857, *c.* 128, § 2, or that the defendants required the connection.   *Sts.* 1856, *c.* 296, § 4; 1857, *c.* 128, § 5.   The commissioner's misconduct and partiality vitiated his award.   *Strong* v. *Strong,* 9 Cush. 560.   3. The consent of the county commissioners to certain of the changes made was not asked for, nor was notice given that they would act in reference thereto.   *St.* 1856, *c.* 296, § 3.   4. The true construction of *St.* 1856, *c.* 296, requires the voluntary concurrence of the defendants in the work authorized.   The work is authorized, and not required, to be done. The remedy provided is by action of contract, which implies consent.   Various sections indicate that a joint action was

contemplated, and especially § 8, which, by giving power to two of the companies to act in one respect, implies that they were to act together unless otherwise specially provided. *York & North Midland Railway* v. *The Queen*, 1 El. & Bl. 858, and 18 Eng. Law & Eq. R. 199. *Warden, &c. of Dover Harbor* v. *London, Chatham & Dover Railway*, 4 Law Times, (N. S.) 387. Power given to two or more must be exercised jointly. *Sutton* v. *Cole*, 3 Pick. 232, 244. *Damon* v. *Granby*, 2 Pick. 345, 353. This power was given to the plaintiffs and defendants jointly. *St.* 1856, *c.* 296, § 1. 5. If this construction is rejected, the statutes are unconstitutional. They violate contracts, and take property without compensation or due process of law. They compel the defendants to pay for a piece of road which they did not require. The acts which they authorize are not within the reservation of a right to amend and repeal charters. 6. To ascertain the "just and fair proportion" of the cost, within the meaning of the statute, regard should be had to the relative condition and position of the parties, the comparative length of their roads, the amount and kind of their business, and other similar considerations. The legislature had all these considerations before them, by the official reports of the corporations, the public knowledge of the situation of the parties, and the report of the commissioners appointed under Res. 1854, *c.* 82. And in reference to these the misconduct of Mr. Carey becomes especially important. It may have injured the defendants, (*a*) by sanctioning a plan which enhanced the whole cost of the work, for the benefit of the plaintiffs; (*b*) or by so directing it that the part expended in performing the work in its application to their road was unjust and disproportionate. If this defence is not available, the defendants are without remedy. The case is analogous to misconduct of an auditor, on whose report judgment is sought to be obtained.

*E. H. Derby*, for the plaintiffs.

MERRICK, J.* The rulings and directions of the court upon the trial were in all particulars correct.

---

* HOAR, J. did not sit in this case.

It was made the duty of the plaintiffs, by special statutes enacted for that purpose, to do the work and perform the service for which compensation is sought to be recovered in this action. *Sts.* 1856, *c.* 296 ; 1857, *c.* 128. The work was executed under the supervision of a commissioner, the validity of whose appointment and authority cannot in this suit be contested. *Fitchburg Railroad* v. *Grand Junction Railroad and Depot Co.* 1 Allen, 552. And the change in the grade and track of the highways, town ways and passage ways necessary to its accomplishment was made with the consent of the county commissioners of the county of Middlesex. After the completion of all the work required of them, the cost incurred by the plaintiffs in its execution was duly apportioned between the two corporations by the commissioner, and a demand of payment was made upon the defendants for the sums to which the plaintiffs were entitled, according to the terms of his apportionment. Payment having been refused, the plaintiffs became entitled by the express provisions of the statutes to recover, in an action at law, a fair and just proportionate part of the cost incurred in lowering the track and road beds, in furnishing materials for and in constructing the railroad bridge and its appendages, and in constructing a connecting track between the roads of the Fitchburg and the Boston and Lowell Railroads.

It is no valid objection to the right of the plaintiffs to maintain this action, that they did not ask or petition for the consent of the county commissioners to make changes in the grade and construction of the roads of the two corporations, or that such consent was given without its having been asked for. The plaintiffs were expressly authorized and required to lower the surface of the two railroads to one and the same common level, and, upon a true construction of the statute, the consent of the county commissioners was essential only in reference to the public and private passage ways which would be affected by the alteration in the grade and level of the railroads.

Nor can the plaintiffs be deprived of their right to recover a just and fair proportionate part of the expenses incurred by them in the execution of a work, the performance of which was

expressly imposed upon them by lawful authority, either by the consideration that the acts in question were enacted upon their petition, or that in the supervision of the work and in making an apportionment of the expenses incurred, the commissioner conducted himself, if it were so, with partiality towards them. As to the one, it is sufficient that the statute was duly enacted, and that the authority was given and the duty imposed. And if the commissioner, acting in his official capacity under his appointment by the governor, was guilty of any delinquency or violation of his duty, he is amenable to the public authority for his misconduct; and his ultimate decision in the apportionment of the cost of the work between the two parties could not be the occasion of any injury or disadvantage to the defendants, since it was not conclusive or binding upon them, but on the contrary they had the privilege, from which the plaintiffs were excluded, of electing whether to abide by his award, or to submit to a jury to determine what was the fair and just proportion of the expenses incurred which they should be required to pay.

The proper rule in relation to the amount which the plaintiffs were entitled to recover was laid down in the instructions to the jury upon that subject. This rule is prescribed in clear and distinct terms in the language of the statute. It is, that they shall recover a fair and just proportionate part of the cost incurred. And this by necessary implication excludes from the estimate of the compensation to be recovered all considerations respecting the effect of the alteration upon the value of the defendants' property in their franchise, or as to the expense of the future maintenance of their road, or the increased difficulty of transacting their business upon it. These are considerations upon which an appeal might well have been made to, and which it must be presumed were all duly regarded by, the legislature, in the establishment of the rule, which can now be the only standard by which the rights of the parties are to be determined.

All the evidence, therefore, which was offered by the defendants upon these subjects was rightly excluded by the court. The instructions to the jury were cautiously and guardedly stated, making it essential to their right of recovery that the

plaintiffs should prove every fact which the statute prescribes as a condition precedent to the maintenance of an action, and limiting the amount for which a verdict should be rendered to the just share of the expenses incurred which the defendants ought to pay, without any regard to the apportionment of the commissioner, or considering it as evidence upon the question to be determined.

To the more general objection that the statutes under which the plaintiffs proceeded to execute the work and perform the duties assigned to them are unconstitutional and void, as being violations of a contract, or as a taking of property for private use, or for public use without due compensation, there is a direct and decisive answer. The charters of all the railroad companies which were to be affected by these acts were subject to alteration, amendment or repeal at the pleasure of the legislature, under the several provisions of the law concerning corporations. Rev. Sts. c. 44, § 23. Under this broad reservation, it was within its power completely to determine in what manner the franchise granted, in the exercise of the right of eminent domain, for important public purposes, should be enjoyed and exercised. And having first rightly ordered that certain specific changes, required by public safety and convenience, should be made in the level, grade and surface of the road beds, and in their crossings and connections with each other, it is but a necessary consequence of the exercise of this authority that the legislature should prescribe by whom, in what manner and under whose supervision the work should be accomplished, and in what proportion, according to their respective interests, it should be paid for by the parties affected by it.

And as to the connecting track between the Fitchburg and the Boston and Lowell Railroads, which the plaintiffs were required to construct, and to which the defendants particularly apply this objection, upon the ground that it was not constructed at their request or upon their application, the answer is, that the connecting track became, upon the completion of the other alterations, essential to the defendants to give and preserve to them a continuity in the line of their own road, without

which it would be impossible to run cars or transport passengers or merchandise from one end to the other upon it. And as it was their duty to keep up and maintain their whole road so that it could be thus used and enjoyed by the public, they might, in pursuance of alterations to which under their charter they were subject, be required to make the whole of such connecting track at their own expense; and therefore when it is ordered and made for the common benefit of them and of other parties, it is reasonable and lawful that they should be required to contribute a fair and just proportion of its cost; and this is all to which they are made liable by the statute. No contract is violated; no property is taken from them for private use, and none for the public without compensation; but they are simply required to pay their just portion of the cost of structures essential to the enjoyment of their franchise, and which by law they are bound to maintain. *Exceptions overruled.*